THE PEOPLE EX REL. AUGUSTUS MILLER v. THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF NEW YORK.

*Common-law certiorari — what may be inquired into under — mode of procedure of inferior tribunal may not be.*

Upon a common-law *certiorari* it is the duty of the court, in addition to inquiring whether the court had jurisdiction, to examine the evidence also, and determine whether there was any competent proof of the facts necessary to authorize the adjudication, and whether in making it any rule of law affecting the rights of the parties has been violated. (*People ex rel.* v. *Smith,* 45 N. Y., 776, 777; *People* v. *Board of Metropolitan Police,* 39 id., 506; *People* v. *Assessors,* 40 id., 154.)

Matters of mere detail in the order or mode of proceeding not violating any

rule of law to the prejudice of the party ; and matters which are clearly submitted to the judgment or discretion of the inferior tribunal when the evidence presents a case for its exercise cannot be reviewed by *certiorari*. (*People* v. *Board of Police*, 39 N. Y., 517.)

Certiorari to review proceedings and judgment of removal of relator, from the office of sergeant of police.

The relator was a member of the police of the city of New York. A charge had been lodged against him on the 4th day of February, 1875, in due form, charging him with neglect of duty. This charge was accompanied with a specification stating the particular offense, which, if true, was just ground for removal. On the fifth day of February, a formal notice of the charge, with a copy of the same and of the specification, were served upon him personally, whereby he was notified and required to answer the charge in accordance with, and in the manner required by the rules and regulations for the government of the police force, and that his trial, upon said charge, would take place at a meeting of the board to be held at the office, No. 300 Mulberry street, in the city of New York, on the 10th day of February, 1875, at one o'clock p. m., and continued, as ordered by the board, until concluded.

The relator admitted, in writing, due personal service of all these papers ; and he also afterward signed a separate paper indorsed on said notice charges and specifications, in these words : " I hereby admit the within charge as specified, and waive trial thereon."

On the eighth day of February following, he made a statement addressed to the board, verified by his oath, and accompanied by the affidavits of four other persons, which substantially denied the charge and specification, and which, if true, ought to have secured his acquittal. On the tenth day of February the board met for the trial of the relator at the time and place designated in the notice, and at one o'clock of that day the relator was called but failed to appear, and thereupon the board, as stated in their return, proceeded to hear, in the absence of said Miller (the relator), the proofs and allegations in support of said charges, to wit, " the hereinbefore mentioned admission of said Miller of the truth of said charges." On the twelfth of February the relator presented his petition asking leave to withdraw his admission and for a trial of the charge, and at a meeting of the board on the sixteenth of Febru-

ary the petition was denied, and the board proceeded to pronounce a formal conviction and judgment of removal.

*William W. Ladd, Jr.,* for relator. *Charles F. McLean,* for respondent.

Opinion by DAVIS, P. J. DANIELS, J., concurred. LAWRENCE, J., dissented, because the adjudication of the police commissioners was based upon the relator's confession, which was considered by Judge LAWRENCE to have been so explained in and by the subsequent papers furnished to the board, as not to justify his removal.

Judgment affirmed, without costs.